IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **COURTNEY FRANKLIN, #02414631** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv85 |
| | § | |
| **LAMAR CNTY. JAIL, ET AL.** | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Courtney Franklin, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

## I. BACKGROUND

Plaintiff, currently imprisoned in the Texas Department of Corrections, filed the instant civil rights complaint, asserting claims against Defendants Lamar County Jail; Judge Tidwell, a judge for the 6th District Court of Lamar County ("Judge Tidwell"); and Paul Rosenberg, Plaintiff's defense attorney ("Attorney Rosenberg"). (Dkt. #1).

Attorney Rosenberg was Plaintiff's court-appointed defense counsel in connection with the state criminal charges and is alleged to have told Plaintiff that if he "signed for the 7 months," he would go "home that day." (Dkt. #1, p. 3). As the basis for Plaintiff's claim against Judge Tidwell, who presided over Plaintiff's criminal proceedings, Plaintiff avers that Judge Tidwell did not "sign [his] paperwork [the] same day as [he] went to court." (Dkt. #1, p. 3). Plaintiff also alleges that

Lamar County Jail "held [him] behind bars 14 days after [he] went to court and got time served." (Dkt. #1, p. 3). Specifically, Plaintiff states:

> I went to Court January 27th, 2021 for theft of a firearm. Was told by my public attorney Paul Rosenberg and Judge Tidwell that if I signed for the 7 months State Jail I would be released and get credit for time served. I signed that day. But I was held in jail an additional 14 days by Lamar County Jail. This happened in the 6th District courthouse in Paris, Texas. Tommy Moore and Sheriff Cass of Lamar County Jail in court said that we (Mark Anthony Somers) should and would be released that day but never was until February 11th, 2021.

(Dkt. #1, p. 4). Plaintiff seeks monetary damages from Lamar County Jail "for each day that [he] was kept in jail beyond the day [he] signed for time served."[1] (Dkt. #1, p. 4).

## II. SCREENING UNDER 28 U.S.C. § 1915A

Plaintiff is currently a prisoner, as such, his complaint is subject to preliminary screening and possible *sua sponte* dismissal under 28 U.S.C. § 1915A. *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A "institutes certain screening procedures once a complaint is received by a district court" and is "quite similar to the roles played by Federal Rules of Civil Procedure 11 and 12(b)(6)." *Id.* at 580 n.2; *see also Garcia v. Jones*, 910 F.3d 188, 190 (5th Cir. 2018) ("We review a dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim *de novo*, applying the same plausibility standard applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals."). Pursuant to 28 U.S.C. § 1915A(b)(1), federal courts are mandated to preemptively screen prisoner complaints against government officials or entities to identify cognizable claims and dismiss the complaint or any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Hines v. Graham*, 320 F. Supp. 2d 511, 526 (N.D. Tex. 2004); *Davis v. Lamar Cnty. Jail*, No. 4:22-cv-612, 2023 WL 3069762, at *1 (E.D. Tex. Mar.

---

[1] Plaintiff does not assert that he is also seeking monetary damages against Judge Tidwell and Attorney Rosenberg; however, for the purpose of this Report and Recommendation, the Court assumes Plaintiff is seeking money damages against those Defendants as well. Plaintiff does not seek any other type of relief in connection with his claims.

20, 2023), *report and recommendation adopted*, No. 4:22-cv-612, 2023 WL 3060776 (E.D. Tex. Apr. 24, 2023); *Butler v. Tidwell*, No. 4:20-cv-600, 2021 WL 4025379, at *3 (E.D. Tex. June 29, 2021), *report and recommendation adopted*, No. 4:20-cv-600, 2021 WL 3930979 (E.D. Tex. Sept. 1, 2021); *Montgomery v. Barr*, No. 4:20-cv-01281-P, 2020 WL 7353711, at *7 (N.D. Tex. Dec. 15, 2020); *see also Coleman v. Tollefson*, 575 U.S. 532, 538-39 (2015) (noting the congressional focus on trial court screening of prisoner complaints and dismissal of claims that are frivolous, malicious, or fail to state a claim for relief).

Because Plaintiff is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), a court is empowered to dismiss an *in forma pauperis* case if it finds that the action is "frivolous or malicious." Under § 1915(e)(2)(B)(i), "[a] complaint is frivolous if it lacks an arguable basis in law or fact." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "A complaint lacks an arguable basis in law if it is based in an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.*

In addition to dismissal for frivolousness, a court may also dismiss the suit for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Tracking the same language as Rule 12(b)(6) of the Federal Rules of Civil Procedure and applying the same standards, § 1915(e)(2)(B)(ii) provides for dismissal if, accepting the plaintiff's factual allegations as true, it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hale v. King*, 642 F.3d 492, 497-99 (5th Cir. 2011). Although a *pro se* plaintiff's pleadings must be read more liberally than those filed by an attorney, the complaint must

nonetheless allege sufficient facts to demonstrate to the court that the plaintiff has at least a colorable claim. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465-66 (5th Cir. 2010).

### III. ANALYSIS

#### A. Lamar County Jail

Plaintiff names Lamar County Jail as a Defendant. "A plaintiff may not bring a claim against a governmental agency or department unless it enjoys a separate and distinct legal existence." *McGrew v. City of Wichita Falls*, No. 3:14-cv-679, 2015 WL 3528236, at *6 (N.D. Tex. June 4, 2015) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)); *accord Davis*, 2023 WL 3069762, at *2. "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *McGrew*, 2015 WL 3528236 at *6 (citing *Darby*, 939 F.2d at 313-14); *Davis*, 2023 WL 3069762, at *2. The capacity of a county or city department to be sued is determined by the state where the district court is located. *See Darby*, 939 F.2d at 313; *Davis*, 2023 WL 3069762, at *2; *see also* Fed. R. Civ. P. 17(b)(3). Because this Court sits in Texas, it must apply Texas law to determine whether the Lamar County Jail can be sued. *See Darby*, 939 F.2d at 313; *Davis*, 2023 WL 3069762, at *2.

"In Texas, a county jail is not a jural entity subject to suing or being sued unless the county has taken explicit steps to grant the department with jural authority." *Reeder v. Superville*, No. 4:12-cv-778, 2013 WL 75771, at *3 (E.D. Tex. Jan. 4, 2013), *report and recommendation adopted*, No. 4:12-cv-778, 2013 WL 5291348 (E.D. Tex. Sept. 19, 2013); *accord Davis*, 2023 WL 3069762, at *2; *see also Walker v. Anderson*, 2012 WL 6044937, at *2 & n.11 (N.D .Tex. Dec. 5, 2012) (citing cases); *Coates v. Brazoria Cnty. Tex.*, 894 F. Supp. 2d 966, 969 (S.D. Tex. 2012) ("This requirement that a legislative body must have vested a public entity with jural authority has led district courts in Texas to find that the following public entities, among others, lack capacity to be

4

sued: . . . a county sheriff's department and its detention services . . . ."); *Darby*, 939 F.2d at 314 ("Darby has failed to show that the City of Pasadena ever granted its police department the capacity to engage in separate litigation."). Thus, even if the Court takes all of Plaintiff's allegations against the Lamar County Jail as true, Plaintiff has failed to state a claim upon which relief can be granted. *See Davis*, 2023 WL 3069762, at \*2; *Reeder*, 2013 WL 75771, at \*\*3-4.

Furthermore, the Court has found no authority suggesting that the Lamar County Jail has been granted jural authority to sue or be sued in its own right and Plaintiff has not alleged that it has been. *See Davis*, 2023 WL 3069762, at \*2; *Reeder*, 2013 WL 75771, at \*4. For that reason, it would be futile to grant Plaintiff an opportunity to replead with respect to the Lamar County Jail. Accordingly, Plaintiff's claims against the Lamar County Jail should be dismissed with prejudice as frivolous and for failing to state a claim. *See Davis*, 2023 WL 3069762, at \*2; *Reeder*, 2013 WL 75771, at \*4; *see also Rhodes v. Lewisville Police Dep't*, No. 4:20-cv-7, 2020 WL 8513792, at \*3 (E.D. Tex. Dec. 2, 2020) ("A plaintiff has the burden of showing that a . . . department has the capacity to be sued. However, if a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim.") (citation omitted), *report and recommendation adopted*, No. 4:20-cv-007-SDJ, 2021 WL 515398 (E.D. Tex. Feb. 11, 2021); *Bowling v. Clerk of Ct., Fifth Dist. Ct. of Appeals*, No. 4:18-cv-610, 2019 WL 2526533, at \*6 (E.D. Tex. Mar. 8, 2019) (concluding that the plaintiff's claims against the Clerk of the Court must be dismissed as frivolous and for failing to state a claim), *report and recommendation adopted sub nom. Bowling v. Dahlheimer*, No. 4:18-cv-610, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019); *Fuller v. Henderson Cnty., Tex.*, No. 6:16-cv-1301, 2018 WL 4087559, at \*2 (E.D. Tex. Aug. 6, 2018) (dismissing with

prejudice the plaintiff's claims against a non-jural entity), *report and recommendation adopted*, No. 6:16-cv-1301, 2018 WL 4053779 (E.D. Tex. Aug. 24, 2018).

**B. Judge Tidwell**

Plaintiff's claims against Judge Tidwell fail to state a claim upon which relief may be granted and are frivolous. A claim is based upon an indisputably meritless legal theory if the defendant is immune from suit. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Yoo v. US Marshal Serv.*, No. 6:20-cv-401, 2022 WL 1110980, at *2 (E.D. Tex. Apr. 1, 2022), *report and recommendation adopted sub nom. Yoo v. United States Marshal Serv.*, No. 6:20-cv-401, 2022 WL 1110308 (E.D. Tex. Apr. 13, 2022). Judge Tidwell has absolute immunity in a civil rights lawsuit for monetary damages for actions taken in his judicial capacity. *See Mireless v. Waco*, 502 U.S. 9, 9 (1991) ("A long line of this Court's precedent acknowledges that, generally, a judge is immune from a suit for money damages.") (per curiam); *see also Thompson v. Brown*, 675 F. App'x 479, 480 (5th Cir. 2017) (dismissing a Texas prisoner's section 1983 appeal as frivolous, explaining that "[i]n other words, a trial judge enjoys absolute immunity for actions taken in the course of his judicial function unless they were nonjudicial or performed without jurisdiction"); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) (holding that judges are "absolutely immune for all judicial acts 'not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive'") (citations omitted). In *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994), the Fifth Circuit explained that claims against judges should be dismissed with prejudice to prevent a plaintiff from refiling the claims against defendants with absolute immunity. *Id.* at 284-85.

Here, Plaintiff alleges that Judge Tidwell—as presiding judge in his criminal proceedings—did not "sign [his] paperwork [the] same day as [he] went to court." (Dkt. #1, p. 3).

6

This action is a judicial function and taken in the judge's judicial capacity. In other words, Plaintiff is complaining about Judge Tidwell's actions taken in his judicial capacity. Therefore, Judge Tidwell enjoys absolute immunity, and Plaintiff's claims against him should be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted. *See Boyd*, 31 F.3d at 284-85; *Carr v. Morin*, No. 2:19-cv-116, 2022 WL 2136534, at *2 (E.D. Tex. May 26, 2022), *report and recommendation adopted*, No. 2:19-cv-116, 2022 WL 2134013 (E.D. Tex. June 14, 2022); *Yoo*, 2022 WL 1110980, at *2.

### C. Attorney Rosenberg

In addition, Plaintiff has failed to state a claim for relief under § 1983 against Attorney Rosenberg.

"In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law." *Butler*, 2021 WL 4025379, at *8 (quoting *Newsome v. Robinson*, No. CIV A 4:08-cv-662-Y, 2009 WL 648980, at *1 (N.D. Tex. Mar. 12, 2009)). "A defense attorney, whether appointed or retained, does not act under color of state law." *Id.* (quoting *Kalluvilayil v. Burns*, 1:13-cv-099-C, 2013 WL 12098730, at *3 (N.D. Tex. Aug. 30, 2013) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981))); *Chadman v. Quisenberry*, No. 4:17-cv-700-Y, 2019 WL 3530422, at *6 (N.D. Tex. Aug. 2, 2019) ("[Plaintiff] has failed to show that [his defense] attorneys acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state.") (citing *Thompson v. Aland*, 639 F. Supp. 724, 728 (N.D. Tex. 1986)); *Johnson v. Easterling*, CV H-18-3016, 2018 WL 4356749, at **1-2 (S.D.

7

Tex. Sept. 11, 2018) ("Plaintiff cannot maintain an action against his criminal defense attorney under section 1983. . . . It is well established that criminal defense attorneys, even court-appointed public defenders, are not state actors for purposes of section 1983.") (citing *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996)); *Thompson v. Roussell*, 799 F. App'x 286, 287 (5th Cir. 2020) (holding that the district court was correct in adopting the magistrate judge's report and recommendation dismissing "the claim against [retained defense counsel] for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), because, contrary to 42 U.S.C. § 1983, [retained defense counsel] did not act under color of state law"). Plaintiff has not demonstrated that Attorney Rosenberg is a state actor pursuant to § 1983, and therefore, his purported § 1983 claims against Attorney Rosenberg fails.

Accordingly, Plaintiff's claims against Attorney Rosenberg should be dismissed with prejudice for Plaintiff's failure to state a claim upon which relief may be granted. *See Thompson*, 799 F. App'x at 286 (affirming the district court's dismissal with prejudice of plaintiff's claims against his defense attorney under § 1983 for failure to state claim); *Butler*, 2021 WL 4025379, at *8 (dismissing with prejudice the plaintiff's claims against defense attorney); *Kalluvilayil*, 2013 WL 12098730, at *4 ("Plaintiff's complaint and all claims alleged therein [including those against his defense attorney] are dismissed with prejudice as frivolous and for failure to state a claim.").

### D. Strike under 28 U.S.C. § 1915(g)

Under the PLRA, an inmate may not file any lawsuits or appeals *in forma pauperis* if he has three or more lawsuits or appeals previously dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The statutory provision was designed to stop abusive litigious practices employed by inmates.

Because the Court is recommending dismissal of Plaintiff's claims in this case as frivolous and for failing to state a claim upon which relief may be granted, it is further recommended that Plaintiff be advised that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915, and that should he accumulate three strikes, he may be denied *in forma pauperis* status and be required to pay the full filing fee when filing additional civil actions or appeals unless he demonstrates that he is in imminent danger of serious physical injury.

## IV. RECOMMENDATION

Accordingly, the Court *sua sponte* recommends that Plaintiff's claims and lawsuit against Defendants be dismissed with prejudice. *See* 28 U.S.C. §§ 1915A and 1915(e). The Court further recommends that this dismissal be counted as a strike pursuant to 28 U.S.C. § 1915(g).

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 25th day of May, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE